# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

TIMOTHY M. ROHRER,

             Plaintiff(s),                      **DECISION AND ORDER**

       v.                                   09-CV-6587

IRISS, INC. and MARTIN ROBINSON,

             Defendant(s).

---

## Preliminary Statement

In this diversity action plaintiff Timothy M. Rohrer (hereinafter "Rohrer" or plaintiff) has sued his former employer defendant IRISS, Inc. (hereinafter "IRISS" or defendant) and Martin Robinson (hereinafter "Robinson") for various claims arising out of his employment with IRISS. Although several motions have been filed, this Decision and Order is limited to the issue of whether the Court has personal jurisdiction over IRISS and Robinson. (Docket # 29). Pursuant to 28 U.S.C. § 636(c), the parties have consented to the jurisdiction of this Court. Based on the current record, and for the reasons that follow, the defendants' motion to dismiss the complaint for lack of personal jurisdiction is denied.

## Relevant Facts

IRISS is a manufacturer of infrared windows and is based in Bradenton, Florida. On October 4, 2007, plaintiff was offered employment by IRISS as Director of Sales and Marketing. See Affidavit of Timothy M. Rohrer (hereinafter "Rohrer Aff.") (Docket

# 24) at ¶ 4.   The negotiations leading up to the employment offer were conducted by Rohrer and defendant Martin Robinson, the President and Chief Executive Officer of IRISS.   Pursuant to the October 4, 2007 offer letter presented to plaintiff by Robinson, IRISS designated Rohrer's "normal place of work" to be his residence in Rochester, New York.  See October 4, 2007 offer letter attached as Exhibit "B" to Rohrer Aff.  Plaintiff accepted IRISS's offer and began working for IRISS on October 8, 2007.  See Rohrer Aff. at ¶ 9.  His starting salary was $70,000 and was subject to New York State taxes and withholdings.

Rohrer contends that sufficient facts exist to find that the Court has personal jurisdiction over the defendants.  For example, Rohrer avers that during his employment with IRISS, he routinely represented to others doing business with IRISS that his residence was a New York branch office of IRISS.  See Response Affidavit of Timothy M. Rohrer (Docket # 38) at ¶ 6.  Rohrer avers that he conducted official business on behalf of IRISS in New York, including delivering IRISS products to a distributor in New York and signing contracts as a corporate representative on behalf of IRISS in New York.  Id. at ¶¶ 7-8.  IRISS shipped products to Rohrer at his residence office in New York.  Id. at ¶ 10.  Rohrer maintained regular contact with his employer in Florida by use of email, telephone and teleconferencing.  Id. at ¶ 12. Rohrer avers that when he bought products for IRISS he would either pay for them

himself and be reimbursed by IRISS, use Robinson's credit card or have the bill sent directly to IRISS's main office in Florida.  <u>Id.</u> at ¶ 9.

IRISS and Robinson argue that IRISS's limited business presence in New York is insufficient for personal jurisdiction. Robinson argues that IRISS never maintained an office in New York and that Rohrer's residence was never considered by IRISS to be a branch office.  According to Robinson, IRISS has no bank accounts in New York, does not own or lease property in New York, has no telephone listing in New York and "has never done any business within the State of New York."  <u>See</u> Response Affidavit of Martin Robinson annexed to Docket # 31 at ¶¶ 15-20.[1]

## **Discussion**

It is well settled that plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. <u>Hoffritz for Cutlery Inc. v. Amajac, Ltd.</u>, 763 F.2d 55, 57 (2d Cir. 1985).  Absent a full evidentiary hearing,[2] plaintiff need only make a prima facie showing that jurisdiction exits.  Moreover, "[i]n the absence of an evidentiary hearing on the jurisdictional allegations, or a trial on the merits, all pleadings and affidavits

---

[1] Although titled as an Affidavit, Robinson's statement is not notarized or witnessed.

[2] None of the parties here have requested an evidentiary hearing on the jurisdictional issue.

are construed in the light most favorable to plaintiff, and where doubts exist, they are resolved in the plaintiff's favor."  Id. Where, as here, plaintiff's complaint is grounded in diversity jurisdiction, personal jurisdiction is determined under New York law.  Agency Rent A Car Sys., Inc., v. Grand Rent A Car Corp., 98 F.3d 25, 29 (1996).

New York's Long-Arm Jurisdiction Statute: In deciding whether long-arm jurisdiction exists, the court must apply a two-step analysis.  First, the court must look to the forum State's long-arm statute and determine whether the statute reaches the foreign corporation.   If the long-arm statute authorizes personal jurisdiction over a defendant, the court must then determine whether the exercise of such jurisdiction "comports with federal due process."   Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 305 F.3d 120, 127 (2d Cir. 2002).

Pursuant to the New York long-arm statute, there are two ways that a New York court can exercise personal jurisdiction over a non-resident defendant: general jurisdiction pursuant to N.Y. C.P.L.R. § 301 or specific jurisdiction pursuant to N.Y. C.P.L.R. § 302. Here, plaintiff argues that the Court has jurisdiction over the defendants pursuant to both New York's general jurisdiction statute and New York's specific jurisdiction statute.  The Court need not determine whether general jurisdiction over the defendants exists based on CPLR § 301 because I find that the specific

4

"transacts any business" standard set forth in § 302(a)(1) has been satisfied.[3]

"To establish personal jurisdiction under section 302(a)(1), two requirements must be met: (1) The defendant must have transacted business within the state; and (2) the claim asserted must arise from that business activity." Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC, 450 F.3d 100, 103 (2d Cir. 2006). "No single event or contact connecting defendant to the forum state need be demonstrated; rather, the totality of all defendant's contacts with the forum state must indicate that the exercise of jurisdiction would be proper." CutCo Indus., Inc. v. Naughton, 806 F.2d 361, 365 (2d Cir. 1986).[4]  Construing the facts in the light

---

[3] The Second Circuit has instructed that "[t]he showing necessary for a finding that defendant 'transacted business' and is suable on a cause of action arising from that transaction is considerably less than that needed to establish defendant's 'doing business,' which renders the defendant subject to suit on even an unrelated cause of action." Hoffritz for Cutlery Inc. v. Amajac, Ltd., 763 F.2d 55, 58 (2d Cir. 1985).

[4] The Second Circuit summarized several factors that the Court may consider in deciding whether a defendant has transacted business in New York within the meaning of CPLR § 302(a)(1):

The question of whether an out-of-state defendant transacts business in New York is determined by considering a variety of factors, including: (i) whether the defendant has an on-going contractual relationship with a New York corporation, (ii) whether the contract was negotiated or executed in New York, and whether, after executing a contract with a New York business, the defendant has visited New York for the purpose of meeting with parties to the contract regarding the relationship, (iii) what the choice-of-law clause is in any such contract, and (iv) whether the contract requires

most favorable to plaintiff, I find that Rohrer has satisfied both prongs needed for jurisdiction under § 302(a)(1).

As to the first prong, defendants hired plaintiff as their Director of Sales and Marketing.  Plaintiff's employment contract and compensation was negotiated while plaintiff was in New York. Plaintiff executed his employment contract with defendants from his New York office and by agreement with defendants was permitted to designate his residence in New York as his place of employment. Plaintiff was paid by defendants in New York, was subject to New York withholdings and paid New York State income taxes on wages received from IRISS.   Further, from his New York office plaintiff negotiated and executed contracts on behalf of defendants with customers and suppliers.   Plaintiff entertained and solicited clients in New York and developed New York-based manufacturer relationships for defendants from his New York office.  Defendants not only shipped products to plaintiff at his New York office but permitted plaintiff to pay for products from various New York machine shops on behalf of IRISS with his personal credit card and

---

[defendant] to send notices and payments into the forum state or subjects them to supervision by the corporation in the forum state. Although all are relevant, no one factor is dispositive. Other factors may also be considered, and the ultimate determination is based on the totality of the circumstances.

Agency Rent A Car Sys., Inc. v. Grand Rent A Car Corp., 98 F.3d 25, 29 (2d Cir. 1996)(citations omitted).

then be reimbursed from funds belonging to defendants.   IRISS concedes that one of its largest customers – the individual to whom IRISS sells the most products – is in New York and was serviced by plaintiff from his New York office.   In performing all of the aforementioned activities, there is no dispute that Rohrer was acting pursuant to his responsibilities as Director of Sales and Marketing for IRISS.

Based on the totality of the circumstances present here, the Court finds that plaintiff's business activities in New York as an agent for defendant IRISS established a New York "presence" for IRISS such that IRISS was "transacting business" under the New York long-arm statute.   As to Martin Robinson, it is true that corporate officers are not subject to jurisdiction simply because long-arm jurisdiction can be obtained over the corporation itself.   However, where the corporate transactions at issue were performed with the knowledge and consent of the officer and the officer exercised control over the corporation in the transaction, New York's long-arm statute confers jurisdiction over the non-resident corporate officer.   See Retail Software Servs., Inc. v. Lashlee, 854 F.2d 18, 22 (2d Cir. 1988)(Just as the actions of a corporate agent may be sufficient to confer jurisdiction on the corporation, "a corporation can act as an agent for an individual for the purposes of § 302(a)(1).").   Here, all of the corporate transactions at issue, including the negotiation of the employment contract, were

performed and controlled by Robinson.  His direct involvement in and singular control over IRISS's business transactions in New York are sufficient for long-arm jurisdiction under § 302(a)(1).  See Alpha Int'l, Inc. v. T-Reproductions, Inc., No. 02 Civ.9586 SAS, 2003 WL 21511957, at *3 (S.D.N.Y. July 1, 2003)(where corporate officer "clearly knew of and exerted substantial control over the New York transactions on which [plaintiff] bases its claims," jurisdiction over corporate officer was appropriate under § 302(a)(1)); Reynolds Corp. v. Nat'l Operator Servs., Inc., 73 F. Supp. 2d 299, 303-04 (W.D.N.Y. 1999)(a finding that corporate officers were the "primary actors in the allegations that give rise to this action," justified conferring jurisdiction over the corporate officers under § 302(a)(1)).[5]

In sum, the Court concludes that IRISS and Robinson purposefully availed themselves of the privilege of conducting activities within New York such that they "transacted business" within the meaning of C.P.L.R. § 302(a)(1). See, e.g., Scholastic, Inc. v. Stouffer, No. 99Civ.11480(AGS), 2000 WL 1154252, at *4 (S.D.N.Y. Aug. 4, 2000)(activity sufficient to establish a jurisdictional presence "may include the solicitation of business by defendants, contract negotiations between the parties, meetings at which defendants were present, or letters sent and phone calls

---

[5] Whether Robinson could be held individually liable for any debt that IRISS allegedly owes plaintiff is an issue for later determination.

made by defendants to plaintiffs"); <u>Assil Gem Corp. v. Greyhound Leisure Servs., Inc.</u>, No. 00 Civ. 0072(NRB), 2000 WL 375244, at *3 (S.D.N.Y. Apr. 11, 2000)(finding that "the quality and nature of defendant's activities, in the aggregate, demonstrate that [defendant] purposefully availed itself of the privilege of conducting business in New York," as it "carried on a six-year business relationship with a New York domiciliary, utilizing telephone calls, e-mail and fax transmissions to communicate with its supplier," plaintiff also "sent merchandise from New York, and [defendant] mailed payments to [plaintiff] in New York"); <u>Crouch v. Atlas Van Lines, Inc.</u>, 834 F. Supp. 596, 601 (N.D.N.Y. 1993)("The court easily finds that [defendant] is 'transacting business' in New York" under § 302  because defendant made "pick-up and deliveries" in New York and shipped its goods into New York).

As to the second prong, the breach of contract claim asserted by Rohrer clearly arises from the business activity conducted by the defendants.   Indeed, Rohrer's claim against the defendants stems from his allegation that he has not been properly paid for the business he transacted on the defendants' behalf.   I find that the necessary nexus between the defendants' business and plaintiff's cause of action sufficiently exists.   Therefore, the defendants are subject to personal jurisdiction under CPLR § 302(a)(1) because they transacted business in New York.

<u>Due Process</u>: As stated earlier, the exercise of long-arm

jurisdiction over defendants by a New York court must also satisfy constitutional due process standards. <u>See</u> <u>Agency Rent A Car Sys., Inc.</u>, 98 F.3d at 32. Traditional notions of fair play and substantial justice required defendants' contacts with New York to be something more than "'random', 'fortuitous,' or 'attenuated.'" <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 480 (1985)(citations omitted). Here, the defendants' contacts with New York were continuous during the time that Rohrer was the Director of Marketing and Sales and were not random, fortuitous or attenuated. <u>See</u> <u>Sirius Am. Ins. Co. v. SCPIE Indem. Co.</u>, 461 F. Supp. 2d 155, 164 (S.D.N.Y. 2006)("[S]atisfaction of the section 302(a)(1) criteria will generally meet federal due-process requirements.")(citations omitted). Accordingly, the exercise of jurisdiction over the defendants does not offend due process.

## Conclusion

The Court finds that personal jurisdiction over the defendants is proper under New York's long-arm statute and the exercise of this jurisdiction is consistent with federal due process. Accordingly, defendants' cross-motion for summary judgment on the ground that this Court lacks personal jurisdiction over the defendants (Docket # 29) is **denied**. The parties shall appear for oral argument on the non-jurisdictional issues set forth in Docket

numbers 23, 29 and 40 **on August 19, 2011 at 10:30 a.m.**

**SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated: August 9, 2011
       Rochester, New York

11